IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                      |
|--------------------------|---|----------------------|
| **PAUL BAGBY,**          | * |                      |
|                          | * |                      |
| *Plaintiff,*             | * |                      |
|                          | * |                      |
| v.                       | * | Case No.: RWT 12cv537 |
|                          | * |                      |
| **PRINCE GEORGE'S COUNTY, *et al.,*** | * |          |
|                          | * |                      |
| *Defendants.*            | * |                      |
|                          | * |                      |

## MEMORANDUM OPINION

Pending before the Court are Prince George's County's Motion to Dismiss Counts VII and VIII of the First Amended Complaint, or in the alternative, Motion for Summary Judgment, Prince George's County's Corrected Motion to Dismiss Counts VII and VIII of the First Amended Complaint, or in the alternative, Motion for Summary Judgment, Defendants Paul Schweinsburg, David Acosta, John Rogers III, Jesse Davis, and Curtis Gouldin's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and Plaintiff's Motion for Leave to File Amended Complaint. *See* ECF No. 7, 8, 18 & 19. For the reasons that follow, the Defendants' motions will be granted and Plaintiff's motion will be denied.

## I.  Background

On January 18, 2012, Plaintiff, Paul Bagby, filed a Complaint in the Circuit Court for Prince George's County against Prince George's County, Maryland, Officer J. Davis, Officer Schweinsburg, Officer D' Acosta and Officer C. Gouldin alleging that the Defendants assaulted, battered, falsely imprisoned, and falsely arrested Plaintiff. On January 23, 2012, Plaintiff filed

an amended complaint.  *See* ECF No. 3.  Only Counts VII, VIII and X pertain to Prince George's County.  *See* ECF No. 3.  Prince George's County timely removed the case to this Court on February 17, 2012.  *See* ECF No. 1.  Although Prince George's County has not contested service, there is no evidence that service has been effected as to Officer J. Davis, Officer Schweinsburg, Officer D' Acosta, and Officer C. Gouldin, either before or after removal.

On February 29, 2012, Prince George's County filed a Motion to Dismiss Counts VII and VIII of the First Amended Complaint, or in the alternative, Motion for Summary Judgment and a Corrected Motion to Dismiss Counts VII and VIII of the First Amended Complaint, or in the alternative, Motion for Summary Judgment.  *See* ECF No. 7 & 8.

Because Plaintiff neither responded to Prince George's County's Motion nor served Defendants Officer Davis, Officer Schweinsburg, Officer D' Acosta, and Officer Gouldin within the 120 time frame established under Federal Rule of Civil Procedure 4(m), the Court cancelled a scheduled hearing on the Motion and issued an order directing the Plaintiff to show cause as to why the case should not be dismissed as to the individual Defendants for failure to effect service. *See* ECF No. 13.

On July 10, 2012, Plaintiff's Counsel filed an affidavit stating that the "County Attorney agreed to accept service for the individual [D]efendants [Officer Davis, Officer Schweinsburg, Officer D' Acosta, and Officer Gouldin]" on July 9, 2012.  *See* ECF No. 14.  On July 10, 2012, Plaintiff's Counsel also responded to the show cause order, stating that he had attempted to serve the individual defendants via certified mail but the summons were returned as unclaimed.  *See* Ex. 1, Return Receipts, ECF No 16-1.   The return receipt for the unclaimed summons indicates that they were mailed on February 7, 2012.  *Id.*  According to the United States Postal Service tracking system, they were returned to Plaintiff on February 29, 2012.

Claiming that "experience reveals that police officers generally resent attempts to personally serve them with process," Plaintiff's Counsel, nearly 168 days after filing the Amended Complaint and 140 days after the summons were returned unclaimed, requested that the County Attorney accept service.   On July 18, 2012, the individual Defendants filed an Opposition to Plaintiff's Response to the Show Cause Order stating that the state court summons were received on July 8, 2012, long after the conclusion of the sixty day period during which they were effective under the Maryland Rules. *See* ECF No. 17.  On July 31, 2012, the individual Defendants also filed a Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment.  *See* ECF No. 18.  A response to this motion was due on or before August 17, 2012.  On August 20, 2012, Plaintiff filed an untimely Response to the individual Defendants Motion to Dismiss.  *See* ECF No. 20.  On the same day Plaintiff filed a Motion for Leave to file a Second Amended Complaint, which consists of a single Section 1983 claim against the individual Defendants, and no claims against Prince George's County.  *See* ECF No. 19.

## II.  Discussion

### A. The Court will grant Prince George's County's Motion to Dismiss Counts VII and VIII of the First Amended Complaint because it is unopposed.

The Court notified Plaintiff that he had not responded to Prince George's County's partial motion to dismiss or filed a motion for leave to file a response out of time.  Because Plaintiff has still not responded to Prince George's County's partial motion to dismiss, this motion will be granted because it is unopposed.  *See Matthews v. Brown,* Case No. 00-1288, 2000 WL 630928 at *1 (4th Cir. 2000) (affirming dismissal of unopposed motion to dismiss).

B. The Court will dismiss Plaintiff's First Amended Complaint as to the individual Defendants Officer Davis, Officer Schweinsburg, Officer D' Acosta, and Officer Gouldin

In their Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment, the individual Defendants seek dismissal from this case because Plaintiff did not effect service. The individual Defendants also seek dismissal of Counts I through VI because Plaintiff did not provide proper notice under Maryland's Local Government Tort Claims Act (LGTCA). Finally, the individual Defendants contend that Plaintiff failed to state a § 1983 claim. For the reasons that follow, this Court will grant Defendants' motion on the basis that Plaintiff did not effect service within the 120 day period by the rules or show good cause for failure to do so, and also that Plaintiff did not plead compliance with the LGTCA's notice requirements.

### 1. Plaintiff did not effect service or show good cause for failure to do so

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss* the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added). The Fourth Circuit has interpreted this language to mean that if the complaint is not served within 120 days after it is filed, the complaint *must* be dismissed absent a showing of good cause. *See Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995).

Courts have found good cause where a defendant has evaded service, court staff misdirected a *pro se* plaintiff as to the appropriate procedure, or a plaintiff was unaware of the defect in service until after the deadline had passed. *See Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC–10–2215, 2011 WL 2038550, at *4 (D.Md. May 24, 2011). Good cause exists when the plaintiff has made "reasonable and diligent efforts to effect service" within the 120–day

period. *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 661 (D. Md. 1986). A key case on point is *Auld v. Montoya-Hernandez*, WL 1379452 at *1 -2 (D. Md. April 17. 2012).  There, the court found good cause because the plaintiff "had attempted to serve the complaint and summons on defendant by certified mailing," and plaintiff engaged in additional efforts, including the hiring of a private investigator, after the certified mail was returned as unclaimed.  At the end of these efforts, plaintiff "ultimately conclude[ed] that defendant purposely declined to accept service."  *Id*; *see also Lee v. Hancock*, No. 94–3986, 1995 WL 495132 at *1 (E.D. Pa. August 21, 1995) (finding good cause because plaintiff engaged in additional efforts to serve defendant after initial service via certified mail went unclaimed).

Courts have not found good cause in situations where counsel's inadvertence, neglect or lack of diligence caused the 120 day time period within which to effect service to lapse. *Braithwaite v. Johns Hopkins Hosp*., 160 F.R.D. 75, 77 (D.Md. 1995); *Vincent v. Reynolds Mem'l Hosp., Inc*., 141 F.R.D. 436, 439 (N.D.W.Va. 1992); *see also Brown v. American Insts. for Research*, 487 F.Supp.2d 613, 614–15 (D.Md.2007) (dismissing complaint when repeated attempts to serve by certified mail were invalid and the plaintiff "neither strained very hard nor looked very far" to "ascertain the correct name of the Defendant and the identity of its resident agent").

Here, Plaintiff has utterly failed to show good cause.   After his alleged attempt to serve state summons by certified mail went unclaimed in February of 2012, Plaintiff's Counsel did not make any more efforts, much less diligent ones, to effect service.  Instead, he concluded that the individual defendants were evading service allegedly because "experience reveals that police officers generally resent attempts to personally serve them with process."  *See* ECF No. 20 at 1. Plaintiff only attempted to effect service on the individual defendants after this Court issued its

June 29, 2012 Show Cause Order.   However, service on the county Attorney occurred outside of

the 120 day time period, and thus, falls far short of the diligence required under the rules.

Accordingly, Plaintiff's First Amended Complaint will be dismissed as to the individual

Defendants without prejudice for failure to effect service.

> **2.   Even if service had been proper, Counts I through VI of the First Amended Complaint are dismissed because Plaintiff does not plead compliance with Maryland's Local Government Tort Claims Act (LGTCA).**

The individual Defendants also argue that Counts I through VI should be dismissed for

failure to plead compliance with Maryland's Local Government Tort Claims Act (LGTCA).  *See*

ECF No. 18-1 at 5.  Plaintiff does not even address this issue in his response.

> *a. 12(b)(6) Legal Standard*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) (quotation omitted).   "A court must consider all well-pleaded allegations in a

complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual

allegations in the light most favorable to the plaintiff.  *See Lambeth v. Bd. of Comm'rs of*

*Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).   Nevertheless, a court is not required to

accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*.

When deciding a motion to dismiss under Rule 12(b)(6), courts may only consider the

facts contained in plaintiff's complaint.  When "matters outside the pleadings are presented to

and not excluded by the court, the motion shall be treated as one for summary judgment and

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to

present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12; s*ee Talbot v. U.S. Foodservice, Inc*., 191 F. Supp. 2d 637, 639 (D. Md. 2002) (treating motion to dismiss as motion for summary judgment where the Court had to consider "two items of evidence extrinsic to the pleadings"). However, an exception to the general rule is made for documents which are referred to in the Complaint and upon which Plaintiff relies in bringing the action. *Biospherics, Inc. v. Forbes, Inc*., 989 F. Supp. 748, 750 (D. Md.1997). Here, Plaintiff refers to the LGTCA notice in his Amended Complaint, so this document, or the lack thereof, can be relied on in adjudicating a motion to dismiss.

### b. LGTCA Legal Standard

Under the LGTCA, plaintiffs must give local government defendants notice of claims within 180 days of the injury. MD. CODE ANN., CTS. & JUD. PROC. § 5-304(b)(1). The LGTCA covers municipalities and counties and . . . applies to all torts without distinction, including intentional and constitutional torts." *Thomas v. City of Annapolis*, 113 Md. App. 440, 457, (Ct. Spec. App. 1997); *Lanford v. Prince George's County*, 2002 U.S. Dist. Lexis 7528 (D. Md. April 26, 2002). Moreover, the "[n]otice requirement cannot be circumvented simply by alleging that the employee was acting outside the scope of employment when committing the tort for which unliquidated damages are claimed." *Chappelle v. McCarter*, 162 Md. App. 163 (Md. Ct. Spec. App. 2005).

A plaintiff is excused from the notice requirement, however, where the plaintiff can show "good cause" for why notice was not provided within 180 days of the injury, so long as the defendant cannot show that it was prejudiced by its lack of notice. *Id*. at § 5–304(d). Good cause exists when a claimant prosecutes a claim "with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Heron v.*

7

*Strader*, 761 A.2d 56, 63 (Md. 2000).  To determine whether there is good cause to excuse a plaintiff's failure to serve notice of a LGTCA claim, courts consider various factors, including the following: (1) excusable neglect or mistake (generally determined in reference to a reasonably prudent person standard), (2) serious physical or mental injury and/or location out-of-state, (3) the inability to retain counsel in cases involving complex litigation, (4) possibly ignorance of the statutory notice requirement or (5) misleading representations made by representative of the local government. *See Wilbon v. Hunsicker*, 913 A.2d 678, 693 (Md. Ct. Spec. App. 2006) (footnote and citation omitted).

The individual Defendants contend that "the First Amended Complaint falsely alleges that Bagby 'provided timely written notice of the plaintiff's claim to the defendants, as indicated by the notice of claim attached hereto.'"  *See* ECF No. 18-1 at 7 (quoting First Am. Compl., ¶ 12, ECF No. 32).  Contrary to Plaintiff's claim that "notice of claim [is] attached hereto," the LGTCA notice is not attached to the First Amended Complaint.[1]  As a result, the Complaint does not contain sufficient factual matter, as required under Rule 12(b)(6), for Plaintiff to plausibly plead that he met the LGTCA's notice requirements.[2]  Accordingly, this Court concludes that Plaintiff fails to state a valid cause of action for Counts I through VI and these counts will be dismissed without prejudice.

---

[1] Tellingly, Plaintiff does not address this issue in his Response to the individual Defendants' Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment.  In fact, Plaintiff's proposed Second Amended Complaint eliminates all tort claims and any allegation that Plaintiff complied with the LGTCA's notice requirement.

[2] The individual Defendants include an Affidavit from Kristy Beck. In this affidavit, Ms. Beck testifies that a search of County records was conducted and no notice letter was found.  The Court cannot consider this issue without converting this motion to dismiss into a motion for summary judgment.  Because the Court concludes that Plaintiff fails to plead compliance with the LGTCA's notice requirement, the Court need not convert this motion into a motion for Summary Judgment.

C. The Court will not grant Plaintiff leave to file a Second Amended Complaint because Plaintiff's proposed amendment is unduly late and prejudicial

Plaintiff attempts to rebut the individual Defendants' contention that he failed to state a Section 1983 claim by filing a Motion for Leave to File [a Second] Amended Complaint. *See* ECF No. 19.   The proposed Second Amended Complaint consists of a single § 1983 claim against the individual Defendants. *Id.*

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given "when justice so requires." *Id.*   Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006).

In the present case, Plaintiff's proposed amendment is hopelessly late.   Although Plaintiff's § 1983 claim is pleaded with some additional specificity, there has been undue delay on Plaintiff's part due to his failure to serve the individual Defendants within the 120 day timeframe prescribed under Rule 4. *See infra* II.B.1.   Accordingly Plaintiff's Motion for Leave to File Amended Complaint will be denied.

Because the Court granted Prince George's County's Motions to Dismiss Counts VII and VIII and the individual Defendants' Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment, Counts I, II, III, IV, V, VI, VII, VIII and IX of the First Amended Complaint will be dismissed.   Only Count X of the First Amended Complaint remains and it consists of a single 1983 claim against Prince George's County.   Yet, Plaintiff's proposed Second Amended Complaint seeks to eliminate Prince George's County as a Defendant.

Accordingly, this Court will issue an order directing Plaintiff to advise the Court as to whether he intends to pursue Count X of the First Amended Complaint.

### Conclusion

For the foregoing reasons, Prince George's County's Motions to Dismiss Counts VII and VIII of the First Amended Complaint will be granted, the individual Defendants' Motion to Dismiss for Failure to State a Claim and/or Motion for Summary Judgment will be granted and Plaintiff's Motion for Leave to File [a Second] Amended Complaint will be denied.  This Court will issue an order directing Plaintiff to advise the Court as to whether he intends to pursue Count X, a Section 1983 Claim against Prince George's County, in light of Plaintiff's proposed Second Amended Complaint, which eliminates Prince George's County as a Defendant.

A separate Order follows.

Date:   September 4, 2012                                    _____/s/_____
                                                            ROGER W. TITUS
                                                            UNITED STATES DISTRICT JUDGE